UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 13-CV-81075-RYSKAMP/HOPKINS

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.

CAROL POLIMENI, et al.,

    Defendants.
_____/

## FINAL DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiff's motion for final default judgment **[DE 15]** filed on September 25, 2014. Defendants have not filed a response, and the time to do so has expired. This matter is ripe for adjudication. The Court, having considered the motion, memorandum, affidavits, and being otherwise advised in the premises, finds that Plaintiff's motion should be granted.

**I.    Background**

This action is brought pursuant to the Communications Act of 1934, 47 U.S.C. § 553 and § 605. Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed its complaint against Carol Polimeni, Dean Polimeni, individually and as officers, directors, shareholders, and/or principals of Dean Anthony's Express LLC, and Dean Anthony's Express LLC ("Defendants") **[DE 1]**. Plaintiff alleges that it was granted the right to distribute UFC 118: Edgar v. Penn 2 Broadcast, via closed circuit television and via encrypted satellite signal. *Id.* Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities of

1

the State of Florida, allowing them to exhibit the broadcast to their patrons. *Id.* Plaintiff contends that Defendants unlawfully and willfully intercepted, received and/or de-scrambled said satellite signal, and exhibited the broadcast for the purpose of direct or indirect commercial advantage or private financial gain. *Id.* As a result of the willful violation, Plaintiff alleges that it is entitled to damages, in the discretion of the Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii), of up to the maximum amount of $110,000 as to each Defendant. *Id.* Pursuant to 47 U.S.C. § 605, Plaintiff further alleges that it is entitled to an award of full costs, interest, and reasonable attorney's fees.[1] *Id.*

After service of the complaint, Defendants did not file an answer or other responsive pleading. Upon the failure of Defendants to timely file a responsive pleading, Plaintiff filed a motion for clerk's entry of default against Defendants **[DE 12]**. On March 19, 2014, a clerk's entry of default was entered **[DE 13]**. On September 25, 2014, Plaintiff moved for final default judgment against Defendants **[DE 15]**.

## II.     Default Judgment Standard

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations." *Id.* (quoting *Nishimatsu,* 515 F.2d at 1206).

---

[1] Plaintiff's complaint further asserts claims for violation of 47 U.S.C. § 553 and conversion.  The Court does not address such claims, as Plaintiff's motion for final default judgment elects damages pursuant to 47 U.S.C. § 605.

### III. Damages under the Communications Act

Sections 553 and 605 of Title 47 of the United States Code both prohibit the unauthorized interception and reception of programming services. When a defendant is liable under both sections 553 and 605, a plaintiff may recover damages under only one section. *Kingvision Pay-Per-View Corp., LTD v. Wright*, 2006 WL 4756450, at *2 (M.D. Fla. 2006).

#### A. Damages under Section 605

Plaintiff has elected for damages pursuant to section 605, which provides for higher statutory damages. Under section 605(e)(3)(C)(i)(II), Plaintiff is entitled to recover damages for "each violation in subsection (a) of [the] section . . . in a sum of not less than $1,000, or more than $10,000, as the court considers just . . . ." Furthermore, if "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," it may, within its discretion, award an additional sum of up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). In its motion for final default judgment, Plaintiff seeks statutory damages in the amount of $10,000, plus additional damages in the amount of $50,000.

In support of its motion for final default judgment, Plaintiff has submitted the affidavit of its president, Joe Hand, Jr. ("Joe Hand") **[DE 15-1]**. Joe Hand testified that domestic commercial establishments are required to pay Plaintiff a commercial sublicense fee to broadcast the event. The sublicense fee is based on the capacity of the establishment and varies for each event. For example, if a commercial establishment has a maximum fire code occupancy of at least forty (40) persons, the sublicense fee would be $900. Additionally, Joe Hand testified that Plaintiff's programming "cannot be mistakenly, innocently, or accidentally intercepted." *Id.* Examples of unlawfully intercepting Plaintiff's programming include descrambling reception, misrepresenting a commercial establishment as a residential property, using illegal unencryption

3

devices, purchasing illegal codes, or splicing a cable from an adjacent establishment or residence. *Id.* For these reasons, Plaintiff testified that Defendants' actions cannot occur without the willful and intentional modification of electronic equipment, misrepresentations, or acts to obtain programming unlawfully. *Id.* Finally, Joe Hand testified that the willful violation was made for the purpose of commercial advantage: "to lure or retain patrons who seek to be entertained by our programming." *Id.*

Plaintiff has also submitted the affidavit of its auditor, Tami Cerullo ("Cerullo") **[DE 15-2]**. Cerullo testified that she entered Dean Anthony's Pizza, paid a $0 cover charge to enter the establishment, and observed on three television sets the broadcasted event. *Id.* In Cerullo's opinion, the approximate capacity of Defendants' establishment is 40 people. *Id*. During Cuerllo's visit, she took three head counts. *Id.* Cerullo counted 23 people on the first count, 23 people on the second count, and 25 people on the third count. *Id.* Cerullo was unable to observe a cable box or satellite dish on the premises. *Id.*

Based on the facts contained in the unchallenged affidavits submitted by Plaintiff and Defendants' default as to the allegations contained in the complaint, the Court finds that Defendants' conduct violates section 605(a) of the Communications Act, and thus statutory civil damages against Defendants are proper under section 605(e)(3)(C)(i)(II).[2] Furthermore, the Court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, thereby creating further statutory liability under section 605(e)(3)(C)(ii). *See Kingvison Pay-Per View Corp., Ltd.*, 2006 WL 4756450, at * 3

---

[2] The Court recognizes that 47 U.S.C. § 605 would not be applicable if the delivery of the broadcasted event were by cable. However, given Defendants' default, the Court awards damages under section 605 because Plaintiff cannot conduct discovery to determine the mode of transmission. *See J & J Sports Productions, Inc. v. Brazilian Paradise, LLC*, 789 F. Supp. 2d 669, 674 (D.S.C. 2011) (awarding damages under section 605 where Plaintiff could not conduct discovery to determine the mode of transmission and Plaintiff elected to pursue damages under section 605).

(M.D. Fla. 2006) (finding a willful violation based on affidavits submitted); *J & J Sports Productions, Inc. v. Arboleda*, 2009 WL 3490859, *5 (M.D. Fla. 2009) ("By virtue of the default, the Defendants have admitted to exhibiting the Program in the Restaurant, a commercial establishment, willfully and for financial gain.").

Thus, the Court awards statutory damages under section 605(e)(3)(C)(i)(II) in the amount of $1,800. The award is based on the licensing fee the Defendants should have paid the Plaintiff, multiplied by two, so the statutory minimum award is satisfied. Because the legal transmission of the event would have been $900, and the statutory minimum must be $1,000, the Court finds, within its sound discretion, that $1,800 ($900 x 2) is just. *See Kingvison Pay-Per View Corp., Ltd.*, 2006 WL 4756450, at * 3 (M.D. Fla. 2006) (awarding statutory damages in the amount of the sublicense fee that would have been charged to Defendant for the legal transmission of the event); *J & J Sports Productions,* 2009 WL 3490859, *5 (M.D. Fla. 2009) (same); *J & J Sports Productions, Inc. v. Ribeiro*, 562 F. Supp. 2d 498 (S.D. N.Y. 2008) (applying a multiple of two to meet the statutory requirement's minimum award of $1,000).

Furthermore, the Court awards additional statutory damages under section 605(e)(3)(C)(ii) in the amount of $5,400. This figure is based on three times the initial statutory damage award ($1,800 x 3). "The amount of three times the actual damage provides a sufficient deterrent to future violations by Defendants and other establishments." *Kingvison Pay-Per View Corp., Ltd.*, 2006 WL 4756450, at * 3 n.8 (M.D. Fla. 2006).

**B.     Attorney's Fees and Costs under Section 605**

The Court further finds that Plaintiff is entitled to its attorney's fees and costs incurred in this matter, pursuant to 47 U.S.C. § 605(3)(B)(iii). Plaintiff's attorney has submitted an affidavit in support of Plaintiff's request for attorney's fees and costs **[DE 15-3]**. Plaintiff seeks

attorney's fees in the amount of $1,500 (6 hours at $250) and costs in the amount of $550 for filing and service of process fees. The amount of attorney's fees and costs is reasonable.  Thus, the Court grants Plaintiff's request for attorney's fees in the amount of $1,500 and costs in the amount of $550.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's motion for final default judgment against Defendants is **GRANTED**.  **FINAL DEFAULT JUDGMENT** is entered in favor of Plaintiff and against Defendants in the amount of ($9,250 (consisting of $1,800 in statutory damages, $5,400 in additional statutory damages, $1,500 in attorney's fees, and $550 in costs) in favor of Plaintiff and against Defendants.  The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 27 day of October 2014.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE